IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **TOUCHSCREEN GESTURES LLC,** | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| **ACER INC.** and **ACER AMERICA CORPORATION,** | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Touchscreen Gestures, LLC for its Complaint against Acer Inc. and Acer America Corporation ("Acer" or "Defendants"), demands a trial by jury and alleges as follows:

## PARTIES

1. Plaintiff Touchscreen Gestures, LLC is a Texas Limited Liability Company.

2. On information and belief, Defendant Acer Inc. is a Taiwan corporation with its principal place of business at 8F, 88, Sec. 1, Xintai 5th Rd., Xizhi, New Taipei City 221, Taiwan. On information and belief, Acer Inc. regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b). Acer Inc. may be served with process in Taiwan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).

3.  On information and belief, Defendant Acer America Corporation is incorporation under the laws of California with its principal place of business at 333 W. San Carlos St., Suite 1500, San Jose, CA 95110. This defendant has appointed, CT Corporation System, 818 W. Seventh St., Los Angeles, 90017 its agent for service of process. On information and belief, Acer regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, either itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).

## JURISDICTION AND VENUE

4.  This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, Acer has transacted business in this district, and has committed acts of patent infringement in this district, by the making, using and/or selling of touch screen devices including those devices commonly referred to as "notebook computers or laptop computers."

6.  On information and belief, Acer is subject to this Court's general and specific personal jurisdiction because: Acer has minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Acer has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Acer regularly conducts and solicits business within the State of

Texas and within the Eastern District of Texas; and Touchscreen Gestures, LLC's causes of action arise directly from Acer's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,180,506

7. Touchscreen Gestures, LLC is the owner of all rights, title and interest to United States Patent No. 7,180,506 ("the '506 Patent") entitled "Method for Identifying a Movement of Single Tap on a Touch Device." The '506 Patent was issued on February 20, 2007 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '506 Patent was filed on February 12, 2004. Attached as Exhibit "A" is a copy of the '506 Patent.

8. The '506 Patent is generally directed to novel, unique and non-obvious methods and controllers of identifying a movement of single tap which is a movement done with at least an object contacting a touch device, such as notebook computers and laptop computers.

9. On information and belief, Acer has been and now is infringing the '506 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell touch devices that incorporate methods, controllers and gesture units according to the '506 Patent. On information and belief, examples of Acer products that infringe the '506 Patent include, but are not limited to, the Acer notebook computers and laptop computers from the Acer "Aspire" and "TravelMate" product lines, which allow the identification of a movement of single tap which is a movement done with at least an object contacting a touch device and, therefore infringe claims of the '506 Patent. Acer is thus liable for infringement of the '506 Patent pursuant to 35 U.S.C. § 271.

10. As a result of Acer's infringement of the '506 Patent, Touchscreen Gestures, LLC has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Acer's infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining Acer and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '506 Patent, Touchscreen Gestures, LLC will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Touchscreen Gestures, LLC respectfully requests that this Court enter:

A. A judgment in favor of Touchscreen Gestures, LLC that Acer has infringed the '506 Patent, and that such infringement was willful;

B. A permanent injunction enjoining Acer and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '506 Patent;

C. A judgment and order requiring Acer to pay Touchscreen Gestures, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for Acer infringement of the '506 Patent as provided under 35 U.S.C. § 284;

D. An award to Touchscreen Gestures, LLC for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Touchscreen Gestures, LLC its reasonable attorneys' fees; and

F.	Any and all other relief to which Touchscreen Gestures, LLC may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Touchscreen Gestures, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: May 17, 2013						Respectfully submitted,


							By: */s/ Winston O. Huff*
							Winston O. Huff, Attorney in Charge
							Texas State Bar No. 24068745
							Deborah Jagai
							Texas State Bar No. 24048571
							W. O. Huff & Associates, PLLC
							302 N. Market Street, Suite 450
							Dallas, TX 75202
							214.749.1220 (Firm)
							469.206.2173 (Fax)
							whuff@huffip.com
							djagai@huffip.com

							ATTORNEYS FOR PLAINTIFF
							TOUCHSCREEN GESTURES, LLC

## **CERTIFICATE OF FILING**

      I hereby certify that on May 17, 2013 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                        Respectfully submitted,

                        /s/ *Winston O. Huff*
                        Winston O. Huff